IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JENNIFER JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2-11-CV-3 |
| | § | |
| WALMART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

*TO THE HONORABLE UNITED STATES DISTRICT JUDGE:*

**COMES NOW, JENNIFER JONES**, and files this, her Original Complaint, and, in support thereof, would respectfully show unto the Court the following:

### I.

### PARTIES

1. **JENNIFER JONES** is an individual residing in the Eastern District of Texas.

2. **WALMART STORES, INC.** is a foreign corporation with its principal place of business in Bentonville, Arkansas. Defendant may be served with process through its registered agent, CT Corp. systems, 350 N. St. Paul Street, Suite, 2900, Dallas, Texas 75201.

## *II.*

## *JURISDICTION & VENUE*

3. This Court has jurisdiction under Title 28 U.S.C. 1332(a) (West 2008) in that there is complete diversity of citizenship between **JENNIFER JONES** and **WALMART STORES, INC.** and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the Eastern District of Texas in that the accident giving rise to Plaintiff's claims in this case occurred in the Eastern District of Texas, Defendants committed the acts of which Plaintiff complains in the Eastern District of Texas and Plaintiff's damages accrued in the Eastern District of Texas.

5. Because venue is proper in the Eastern District of Texas, this suit is properly maintainable in any division of the Eastern District of Texas. *Mohamed v. Mazda Motor Co.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000).

## *III.*

## *FACTUAL BACKGROUND*

6. On or about August 8, 2010, an unreasonably dangerous condition on the premises owned and operated by **WALMART STORES, INC.** ("**WALMART**") in Henderson, Rusk County, Texas, caused **JENNIFER JONES** to fall to the floor near the cashier's stand, sustaining serious and permanently disabling injuries to her back.

7. Prior to the incident in question, **WALMART** acing through its agents, servants and employees knew, or, in the exercise of ordinary care, should have known, of the existence of the dangerous condition on its premises.

8. Despite this actual and/or constructive knowledge of the danger presented by the condition of its premises, **WALMART** failed to use ordinary care to correct the condition and/or to warn **JENNIFER JONES** of its presence.

9. At all relevant times, **JENNIFER JONES** exercised all due care for her own safety.

## IV.

## CAUSES OF ACTION

### A.

### NEGLIGENCE

10. **JENNIFER JONES** would show the Court that the conduct of **WALMART** described above reflected a total want of due care for the safety of others.  In particular, **WALMART** knew, or, in the exercise of ordinary care, should have known, of the existence of the dangerous condition on its premises.

11. Despite this actual and/or constructive knowledge of the danger presented by the condition of its premises, **WALMART** failed to use ordinary care to correct the condition and/or to warn **JENNIFER JONES** of its presence.

## B.

## *GROSS NEGLIGENCE*

12. **JENNIFER JONES** further alleges that the conduct of **WALMART** exhibited such total disregard for the substantial likelihood of serious injury to others as to warrant the imposition of exemplary damages under Texas law.

## V.

## *DAMAGES*

13. Since the time of the accident in question, **JENNIFER JONES** has been required to seek medical care for injuries she sustained and has incurred reasonable and necessary expenses for that care. **JENNIFER JONES** further makes claim for permanent disfigurement and the physical impairment and pain, suffering & mental anguish from which she has suffered constantly since the time of the accident.  She will, in reasonable probability, require additional medical care in the future and will continue to suffer impairment, disfigurement, pain & mental anguish for the rest of her days. **JENNIFER JONES** further seeks recovery of her lost wages in the past and her lost earning capacity in the future.

## VI.

## CONCLUSION & PRAYER FOR RELIEF

14. In light of **WALMART's** misconduct and the losses and injuries inflicted on her, **JENNIFER JONES** now brings suit for just, reasonable, and adequate compensation within the jurisdictional limits of this Court and reserves the right to plead more specifically once the facts and circumstances of the case are known more clearly.

**WHEREFORE, PREMISES CONSIDERED**, **JENNIFER JONES** respectfully prays that **WALMART STORES, INC.** be cited to answer and appear, and that, upon final adjudication of this case, it be required to pay all damages for which she prays, along with all costs of court and such other legal or equitable remedies to which she shows herself to be justly entitled, including pre-judgment and post-judgment interest.

Respectfully submitted,

_____/s/_____
James A. Holmes (Attorney in Charge)
Texas Bar No. 00784290

**THE LAW OFFICE OF JAMES HOLMES, P.C.**

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

**ATTORNEY FOR JENNIFER JONES**

